# Gill *v.* Ladies Catholic Benevolent Association, Appellant.

*Beneficial associations—Expulsion of member—Trial—Appeal—Dues —Tender of dues—Refusal of tender.*

Where the constitution of a beneficial association contemplates charges, notice, trial, judgment and an appeal to a supreme council, in case of the expulsion of a member, the mere act of two trustees of the association in directing that a member be expelled, without notice or trial, is ineffectual, and the member may disregard such action, and take no appeal from it.

Where the rights of a member of a beneficial association have been unlawfully declared forfeited, and it is clearly shown that a tender of dues will not be accepted, a subsequent failure to tender dues as they fell due, will not prevent a recovery on the certificate.

Argued March 4, 1908. Appeal, No. 26, March T., 1908, by defendant, from judgment of C. P. Luzerne Co., May T., 1906, No. 430, on verdict for plaintiff in case of Mary Gill v. The Ladies Catholic Benevolent Association. Before RICE, P. J., PORTER, HENDERSON, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a benefit certificate. Before HALSEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $548.50. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*T. P. Hoban,* with him *P. A. O'Boyle* and *John J. Hynes,* for appellant.—A member of a beneficial society must resort, for

the collection of an alleged wrong, to the tribunals of his order, and the judgment of such tribunals, when resulting fairly from the application of the rules of the society, is final and conclusive: Myers v. Fritchman, 6 Pa. Superior Ct. 580; Bauer's Appeal, 5 W. N. C. 485; Com. ex rel. Bryan v. The Pike Beneficial Society, 8 W. & S. 247; Sperry's Appeal, 116 Pa. 391; Com. v. Union League, 135 Pa. 301; Toram v. Howard Beneficial Association, 4 Pa. 519; Haag v. Knights of Friendship, 7 Pa. Superior Ct. 425; Crow v. Capital City Council, 26 Pa. Superior Ct. 411; Beeman v. Supreme Lodge, 20 Pa. Superior Ct. 387; s. c., 215 Pa. 627; Connelly v. Masonic Mutual Benefit Association, 58 Conn. 552 (20 Atl. Repr. 671); Lafond et al. v. Deems et al., 81 N. Y. 507; Chamberlain v. Lincoln, 129 Mass. 70; Poultney v. Bachman, 31 Hun, 49; Levy v. Magnolia Lodge I. O. O. F., 110 Cal. 297 (42 Pac. Repr. 887).

*Richard B. Sheridan,* with him *John T. Lenahan* and *James C. Murray,* for appellee.—While the law requires a member of a beneficial order, first to exhaust his remedies in the courts provided by the rules of the order, yet when a member is denied a hearing, contrary to the fundamental law of the organization, such member is rectus in curia in applying to the courts of his state: Haag v. Knights of Friendship, 7 Pa. Superior Ct. 425; Com. v. Penna. Beneficial Institution, 2 S. & R. 141; Com. v. German Society, 15 Pa. 251; Washington Beneficial Society v. Bacher, 20 Pa. 425; Diligent Fire Co. v. Com., 75 Pa. 291; Vivar v. Knights of Pythias, 52 N. J. L. 455 (20 Atl. Repr. 36); Knights of Pythias v. Eskholme, 59 N. J. L. 255 (35 Atl. Repr. 1055); Langnecker v. Grand Lodge A. O. U. W., 55 L. R. A. 185; Sleeper v. Franklin Lyceum, 7 R. I. 523; Reynolds v. Pawtucket, 23 R. I. 370 (50 Atl. Repr. 645).

If a company has expressly declared a forfeiture of the policy, and it is clearly apparent from acts or declarations that a tender would not be accepted, or if it has declared a forfeiture and refused the premium, the fact that there has been a failure subsequently to pay or tender the premiums as they fell due will not prevent a recovery on the policy: National Mut. Ins. Co. v. Home Benefit Society of N. Y., 181 Pa. 443; Langnecker

v. Grand Lodge A. O. U. W., 55 L. R. A. 185; Guetzkow v. Ins. Co., 105 Wis. 448 (81 N. W. Repr. 652).

OPINION BY HENDERSON, J., July 15, 1908:

Mary Gill, the mother of the appellee, was regularly admitted to the defendant association and thereby became entitled to the provisions of the association relating to benefits. Three objections against the plaintiff's claim were made at the trial: (1) that action was taken by officers of the association resulting in the expulsion of the member; (2) that the plaintiff's remedy was first by appeal from that action in accordance with the laws of the association; and (3) that even if the expulsion was irregular and, therefore, invalid, the right of recovery was lost because of the failure of the member to pay the monthly assessments and dues required by the laws of the order. Of the first objection it may be said that the record does not disclose anything proved or offered to be proved, showing or tending to show that Mrs. Gill was expelled from the association. The appellant proposed to prove that two of the members of the board of supreme trustees acting as a committee of that board notified the branch of the association to which Mrs. Gill belonged that all members over the age of forty years should produce certificates of their birth or baptism or some other reasonable proof of their age, complaint having been made to the supreme trustees that a number of the members of the branch were over the age provided for in the constitution at the time they were initiated, and it was alleged that the failure of Mrs. Gill to comply with this request was the cause of the alleged expulsion. But it was not proposed to show that there had been a formal charge or complaint against Mrs. Gill or that she had received notice thereof or that there had been any trial or judgment against her by the tribunal created by the constitution. The seventieth section of the constitution contains a carefully prepared mode of procedure in the case of charges or complaints against a member. The charges must be in writing specifying the nature of the complaint with full particulars as to time, place and circumstance; they must be made in duplicate, one copy of which shall be delivered personally to the

accused, or left at her last address, at least ten days before the trial; proof of the delivery or mailing of such copy shall be furnished before the trial; the supreme recorder shall notify the complainant and accused of the time and place of the meeting of the trial body and cite the parties to be present with their witnesses. If after a fair and impartial trial the charges are proved the accused may be fined, reprimanded, suspended or expelled as a majority of the board of trustees may determine. The latter body hears and disposes of complaints except when the supreme council is in session in which latter case the council constitutes the court. Section 71 provides for an appeal to the supreme council by any member who feels dissatisfied with the decision rendered on any charge or complaint. These provisions contemplate charges, notice, trial and judgment on any matter involving the right of a member to continue in that relation. It is not claimed that any action was taken with reference to Mrs. Gill in accordance therewith. What was done was this: two of the supreme trustees came to Scranton and having learned that Mrs. Gill had not complied with the request that proof of age be furnished by all the members of the branch over forty years of age directed the secretary of the subordinate branch to write the word "expelled" opposite her name on the roll of members. The secretary thereupon entered the word "resigned" instead of "expelled," with the permission of the supreme trustees referred to, "because it looked a little more charitable in the book." It is unnecessary to cite authorities to show that this action was ineffectual against Mrs. Gill. If there had not been a mode provided in the constitution for an orderly determination of the question whether she had violated the rules of the society or disqualified herself for further membership therein the law would prevent her dismissal without a hearing. It is essential to a valid expulsion from such a society that the member had an opportunity to defend himself and that a fair trial was accorded him. No charge in writing was made against Mrs. Gill; there was no pretense of hearing or trial and the alleged expulsion was absolutely void. The constitutional provision for appeal to the supreme council has reference to decisions rendered in accord-

ance with the laws of the society. In the present instance there had not been a trial and, therefore, no decision was rendered; as a consequence, there was nothing from which to appeal.

The objection that the plaintiff cannot recover because of the failure of Mrs. Gill to pay her dues and assessments cannot be sutsained. The evidence shows that tender of the amount due on the benefit certificate was regularly made monthly for three months after the attempted expulsion and that the tenders were successively refused for the reason that Mrs. Gill was no longer a member of the society. It would be most inequitable to permit a body to enforce a forfeiture because of the omission of a member to make payment of dues when that omission was brought about by the action of the society. Where the rights of the insured have been unlawfully declared forfeited and it is clearly shown that a tender would not be accepted, a subsequent failure to tender premiums as they fell due will not prevent a recovery on the certificate. The law does not require that a party would continue in the repetition of a futile act: National Mut. Ins. Co. v. Home Benefit Society, 181 Pa. 443; Guetzkow v. Michigan Mutual Life Ins. Co., 105 Wis. 448; 2 Joyce on Ins., sec. 1123. The court submitted to the jury the question whether Mrs. Gill misrepresented her age at the time she became a member of the society and the verdict on that point was in her favor. The submission of this question was certainly as much under the evidence as the defendant was entitled to.

The judgment is affirmed.