# Jennings *v.* Grand Fraternity of Philadelphia, Appellant.

*Beneficial associations—By-laws—Beneficiary.*

Where one article of the by-laws of a beneficial association pro-
vides that "no beneficiary shall have a vested interest in the bene-
fit certificate until the same has matured by reason of the death
of the member," and another article provides that if the single
cash payment has been specified in the certificate, the said sum
shall be paid to the beneficiary or her executors or administrators,"
and it appears that a daughter of a member named as beneficiary
died before the member, her administrator may maintain a suit
against the association for the benefit.   In such a case it cannot be
argued that the suit could not be maintained because the bene-
ficiary died before the member.

*Beneficial associations—Suspension of member—Cancellation of
certificate—Failure to specify charges—Demand for reinstatement
—Tender of dues—Proofs of death—Waiver.*

Where a member of a beneficial association has been suspended,
and his certificate cancelled without any charges having been pre-
ferred against him, or any trial as provided by the constitution of
the association, the association cannot, in a suit against it for
death benefits, defend on the ground that the deceased had not de-
manded reinstatement, there being no provision in the constitu-
tion expressly requiring such action on his part.

In such a case if the deceased made a tender of his dues after
the suspension, which tender was refused by the collector and presi-
dent of the association, he was not required to make further
tenders.

Where a beneficial association has denied all liability on a certifi-
cate for death benefits, it cannot in a suit against it for such bene-
fits, defend on the ground that no proofs of death had been fur-
nished.   In such a case the association will be deemed to have
waived the furnishing of proofs of death.

Argued March 8, 1917. Appeal, No. 22, March T., 1917, by defendant, from judgment of C. P. Lackawanna Co., May T., 1912, No. 337, on verdict for plaintiffs in case of John Jennings, Administrator of the Estate of Nora Jennings, v. The Grand Fraternity of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for death benefits. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the defendant made the following offer:

"Mr. Reedy: We offer in evidence paragraph 5 of the affidavit of defense, for the purpose of showing that notice of death was served upon the company; that a request was made for such proofs or blanks to make proof as was required, and that the defendant company refused to furnish blanks upon which to make proofs of death. For the purpose of showing a waiver by the company of the furnishing of further proofs of death.

"Judge VOSBURG: We object to that for the reason that it is at variance with the plaintiff's statement in this case; the plaintiff's statement expressly avers that proofs of death were furnished. We object further that under the constitution and by-laws themselves it could not operate as a waiver. It is objected to generally as being incompetent, irrelevant and immaterial.

"The Court: I overrule the objection. I think the fact that the company notified the parties in this case that the deceased had been suspended for nonpayment of dues and that that was the reason they refused to send blanks or to have any further dealings in connection with this policy is a waiver of the necessity for going any further on the part of the beneficiary."

Exception for the defendant. (3)

Defendant presented this point:

"Any dealings between the John Jennings, the member named in the certificate sued upon, and the John

Jennings who was the collector for The Grand Fraternity when the suspension took place, (and is now the plaintiff in this case, as administrator), not made known to The Grand Fraternity, which would tend to nullify or contradict the fact of said suspension or the legal effect of the same upon the certificate now in suit would be a fraud upon The Grand Fraternity, and would not avoid the effect of the nonpayment of the beneficial dues upon the certificate in suit.

"Answer: This point is refused." (5)

Verdict and judgment for plaintiff for $1,101.56. Defendant appealed.

*Errors assigned* were (1) in discharging rule for judgment n. o. v. (3) ruling on evidence quoting the bill of exceptions and (5) above instructions, quoting them.

*A. A. Vosburg,* with him *John J. Owens,* for appellant. —Nora Jennings, the beneficiary, died before John Jennings the member, and hence we contend that the administrator of the beneficiary has no right to recover upon this certificate: Fischer v. American Legion of Honor, 168 Pa. 279; Esby v. Legion, Etc., 7 Kulp 134; Brown v. A. O. U. W., 208 Pa. 101.

The member, John Jennings, if he considered himself aggrieved by the action of the Grand Fraternity in declaring him suspended as a member, should have applied for reinstatement, or appealed to the tribunal established by the constitution and by-laws, for the hearing of controversies of this character; and as he did not do so, no action can be maintained in a court of law upon the certificate in suit in this case: Wick v. Fraternities Accident Order, 21 Pa. Superior Ct. 507; Beeman v. Supreme Lodge, 29 Pa. Superior Ct. 387; Beeman v. Supreme Lodge, 215 Pa. 627; Sanderson v. Brotherhood, Etc., 204 Pa. 182; James v. Grand Fraternity, 12 Dist. Rep. 471.

No proofs of death were ever furnished and therefore the plaintiff was not entitled to recover.

The alleged transactions of tender between John J. Jennings, the plaintiff, as a collector of the defendant association, with his father, John Jennings, not made known to the defendant association, would, even if true, constitute a fraud upon the association, and would be insufficient to base a recovery upon in this case: Blooming Grove Mut. Fire, Etc., Ins. Co. v. McAnerney, 102 Pa. 335.

*James J. Powell,* with him *David J. Reedy,* for appellee.—The suit was properly brought: Brown v. A. O. U. W., 208 Pa. 101.

Where the rights of a member of a beneficial association have been unlawfully declared forfeited, and it is clearly shown that a tender of dues will not be accepted, a subsequent failure to tender dues as they fell due, will not prevent a recovery on the certificate: Gill v. L. C. B. A., 36 Pa. Superior Ct. 458; Nat. M. Ins. Co. v. Home Benefit Society, 181 Pa. 443.

No action was required by the member: Gill v. L. C. B. A., 36 Pa. Superior Ct. 458; Haag v. Good, 7 Pa. Superior Ct. 425; Washington Beneficial Society v. Bacher, 20 Pa. 425.

No proofs of death were required: Stambler v. Order of Pente, 159 Pa. 492; Girard, Etc., Trust Co. v. Mut. L. Ins. Co., 97 Pa. 15; White v. Metropolitan L. Ins. Co., 22 Pa. Superior Ct. 501; Dennis v. Citizens Ins. Co., 4 Pa. Superior Ct. 225.

OPINION BY WILLIAMS, J., July 13, 1917:

The Grand Fraternity issued to John Jennings, October 5, 1906, as a member, a benefit certificate for $1,000, payable at his death to Nora Jennings. She died August 6, 1907. John Jennings died April 19, 1911. John J. Jennings, his son, the administrator of Nora, sued to recover the amount of the certificate.

It appears that John J. Jennings was a collector of the defendant and it was his duty to collect dues and forward them to the main office in Philadelphia. In September, 1907, he was notified not to accept any more dues from his father, John Jennings, because the latter had been suspended. The only reason for this suspension and the cancellation of the certificate was given in a postscript to a letter, signed by the president of the defendant association, to the effect that it had been cancelled for misstatements in the application materially affecting the character of the risk. No charges were brought against the member, nor was there any trial, as provided by Art. XIII, of the constitution of the fraternity. He tendered his dues each month to the defendant's collector, who refused to accept them. The collector so testified and the jury so found. Nothing appears in the record as to what the alleged material misstatements were.

Upon the death of John Jennings, defendant was notified and requested to forward blanks for the proofs of death. Defendant replied that "John Jennings was suspended during the month of October, 1907, since which time his certificate has been null and void."

The court below made a recovery depend upon whether dues for October, 1907, and those subsequently accruing, had been tendered to defendant's collector. The jury rendered a verdict for $1,101.56, upon which judgment was entered. From that judgment the present appeal has been taken.

The appellant argues that the suit could not be maintained because the beneficiary died before the member; that she had no vested interest as Art. IX, Section 1, of the constitution of the fraternity provides that "no beneficiary shall have a vested interest in the benefit certificate until the same has matured by reason of the death of the member"; that her right in the benefit ceased upon her death before the member. This clause must be construed in connection with Art. X, Section 2, which pro-

vides, inter alia, that "if the single cash payment has been specified in the certificate (as it was in this case) the said sum shall be paid to the beneficiary or her executors or administrators." The clause relied upon by the appellant must be construed to mean that the member may change the designation at any time before his death, but upon his death the money shall be paid to the beneficiary or her personal representative under Art. X, Section 2. The suit was properly brought by the administrator of Nora Jennings.

The defendant further argues that as the deceased did not demand reinstatement in the association and exhaust his remedies under its constitution and by-laws, he was barred from any rights under the certificate. The answer to this is that no charges were preferred against the deceased nor was there a trial. Therefore, the suspension never took effect as a valid act of the association and there was no occasion to apply for reinstatement. As was said by the court below "the present case is a striking example of arbitrary action." Under the circumstances we are not inclined to hold that the member must take affirmative action for reinstatement, there being no provision in the constitution expressly requiring it.

It is contended that as no proofs of death were furnished, no action could be maintained. The defendant, having denied all liability on the certificate, must be held to have waived the furnishing of proofs of death: Girard Life Ins., Annuity and Trust Co. v. Mut. Life Ins. Co., 97 Pa. 15; White v. Metropolitan Life Ins. Co., 22 Pa. Superior Ct. 501; Mills v. Pa. Mutual Live Stock Ins. Co., 57 Pa. Superior Ct. 483.

It is further argued that plaintiff cannot recover because of fraud in failing to notify the defendant of the tender of the dues. It is not material whether he notified it of offers subsequent to October, 1907, as the deceased was not required to make tenders after his dues had once been refused by the collector and president of

JENNINGS v. GRAND FRATERNITY, Appellant. 145

the association: Gill v. Ladies' Catholic Benevolent Assn., 36 Pa. Superior Ct. 458.

The error complained of in the fourth and fifth assignments was harmless and is not sufficient to warrant a reversal.

The judgment is affirmed.