## Crawford, Appellant, *v.* Sullivan.

*Equity—Preliminary injunction—Laches—Appeals.*

1. The refusal to grant or continue a preliminary injunction is error only when the right threatened with invasion is an unquestionable one, and the only protection from irreparable injury to it is to be found in a court of equity.

2. Where a plaintiff in an equity suit has taken an appeal from an order dissolving a preliminary injunction, and has delayed the argument of it for over a year, although he had an opportunity to be heard at three successive terms, his appeal will be dismissed.

Argued Oct. 14, 1912. Appeal, No. 5, Oct. T., 1912, by plaintiff, from decree of C. P. Lawrence Co., Dec. T., 1911, No. 1, dissolving a preliminary injunction in case of Hugh A. Crawford, et al., v. D. E. Sullivan and City of New Castle. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.

*Error assigned* was decree dissolving preliminary injunction.

*J. Norman Martin,* for appellant.

*James A. Gardner,* City Solicitor, for appellee.

PER CURIAM, January 6, 1913:

Appellants' bill of complaint was filed in the court below on September 6, 1911, and on the same day the preliminary injunction prayed for was issued. Ten days later it was dissolved, and nine days thereafter—on September 25, 1911—this appeal was taken from the refusal of the court to continue it. Appellants' laches is in itself a sufficient reason for our declining to interfere with the action of the court below. By the Act of June 12, 1879, P. L. 177, the right was given to the appellants to ask us to hear their appeal at the October term, 1911, or within a month from the time it was taken. Passing that term, it would have been heard at the January Term, 1912, when we were in session for nearly five months, if counsel for appellants had asked us to hear it, and the opportunity to be heard was again given when we met at the May Term, in the Middle District. It is quite evident that the appellants have not felt very much aggrieved by the refusal to continue the preliminary injunction. The refusal to grant or continue such an injunction is error only when the right threatened with invasion is an unquestionable one and the only protection from irreparable injury to it is to be found in a court of equity. Such is not the present situation. On appeal from a final decree, which, if not yet made, might have been made long ago but for this appeal, the appellants will have an opportunity to be heard, if any established right has been unlawfully interfered with and they are entitled to equitable relief.

Appeal dismissed with costs.