## Vincenzo, Appellant, v. Korato.

*Equity—Fraud—Temporary injunction—Dissolution.*
Where on a bill in equity alleging fraud, a temporary injunction is awarded, the appellate court will not reverse a subsequent decree dissolving the injunction, if the court below finds on sufficient evidence that no fraud was in fact proved.

*Appeals—Laches—Delay in arguing appeal.*
It seems that an appellant in the Superior Court is guilty of laches in calling an appeal for argument on May 9, 1916, where it appears that the appeal was taken November 26, 1915, that it might have been heard at Philadelphia prior to December 20, 1915, at Williamsport in February, 1916, at Scranton or Harrisburg in March or at Pittsburgh April 10, 1916.

Argued May 9, 1916. Appeal, No. 95, April T., 1916, by plaintiff, from decree of C. P. Beaver Co., Sept T.,

1914, No. 7, dissolving temporary injunction in case of Korato Vincenzo v. Concetta Korato, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Motion to dissolve temporary injunction.
The opinion of the Superior Court states the case.

*Error assigned* was decree dissolving temporary injunction.

*A. P. Marshall,* for appellant.

No printed brief for appellee.

OPINION BY WILLIAMS, J., July 18, 1916:

This is an appeal from a decree dissolving a temporary injunction.

The bill filed averred fraud by means of which plaintiff was induced to part with the sum of six hundred dollars. The answers of defendants specifically and fully answered all the averments. An injunction was granted. After a full hearing of the plaintiff, the defendants and the witnesses, the court dissolved the injunction and this appeal questions the correctness of that decree.

It may be noted that this appeal was taken Nov. 26, 1915, and might have been heard at the Philadelphia session prior to Dec. 20, 1915, at Williamsport in February, at Scranton or Harrisburg in March or at Pittsburgh April 10, 1916, and the appeal might very well be dismissed for the laches of the appellant under the authority of Crawford v. Sullivan, 238 Pa. 142. Passing to the merits of the appeal, we find that the court below held that "the plaintiff is not supported in his position that there was a combination of any kind on the part of the defendants to cheat and defraud him out of his money" and so dissolved the injunction. We are not convinced that there was error in this conclusion.

The decree of the court below is affirmed.