Lodge No. 19, Svete Ime Isusovo *v.* Svi Sveti et al., Appellants.

Argued May 27, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Alexander H. Schullman,* with him *Harold H. Harter,* for appellants.

*John D. Meyer,* with him *Louis Z. Marohnic,* for appellees.

PER CURIAM, June 26, 1936:

Appellants contend that the action of the Supreme Board of Directors of the Croation Fraternal Union of America in ordering a division of Lodge No. 1 was invalid, because the petition was not signed by one-half of its members and there is no evidence of dissension making it impossible to have peace within the lodge, as required by the by-laws for a division. Our review shows there was ample evidence supporting the findings of the court below, affirmed by the court en banc, that

one-half the members of Lodge No. 1 had signed the petition and sufficient dissension existed. We will not disturb them on appeal: *Glenn v. Trees,* 276 Pa. 165; *Equitable L. Assur. Soc. v. Klein,* 315 Pa. 156. Appellants were accorded a full and impartial hearing, and the decision of the directors was not arbitrary nor fraudulent but a reasonable exercise in good faith of the discretionary power vested in them.

The attempt of twenty-one signers to withdraw after the decision of the directors but prior to its confirmation by formal resolution was abortive. The directors had acted on the petition and granted a charter to Lodge No. 19. The signers had no power to withdraw and thus deprive the directors of jurisdiction to pass upon the question after they had conferred jurisdiction.

It is a settled principle that the remedies afforded by the by-laws of an association must be completely exhausted before the aid of a court can be invoked to settle an internal dispute: *Acri v. Bruscia,* 265 Pa. 384; *Beeman v. Supreme Lodge S. of H.,* 215 Pa. 627, 631. Appellants contend that the court below should have dismissed the bill because appellees failed to avail themselves of their right under the by-laws to appeal to the convention from the order of the trial board. The by-laws do not give the trial board appellate jurisdiction in disputes of this nature, and the court below properly held that its decree reversing the directors was a nullity, from which no appeal could be taken.

Furthermore it appears that while this action was pending in the court below appellants appealed to the convention from the decision of the directors and suffered an adverse ruling. This adjudication by the highest tribunal of the society is decisive of their rights, once it is determined that the laws of the society were strictly complied with, and that the officers acted reasonably and in good faith. Under such circumstances, this court will not go into the merits of the case: *Maloney v. U. Mine Workers of A.,* 308 Pa. 251, 257. We

conclude that the rights of appellants were properly decided by the supreme board of directors and the convention, which tribunals had jurisdiction over the dispute, accorded them a fair and impartial hearing, and exercised their discretionary power in a reasonable and just manner.

Decree affirmed at appellants' cost.