Yale Knitting Mills, Inc., *v.* Knitgoods Workers Union Local 190 et al., Appellants.

Argued January 27, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

24

*M. Herbert Syme*, of *Syme & Simons*, for appellants.

*Edwin Fischer*, for appellee.

*Henry S. Drinker*, amicus curiæ.

OPINION BY MR. JUSTICE BARNES, March 22, 1939:

This is an appeal from the granting of a preliminary injunction. The plaintiff, a corporation engaged in the business of manufacturing, filed a bill in equity for an injunction to restrain the defendants, a local Union affiliated with the International Ladies Garment Workers Union, and the individual manager and organizer of the local Union, from alleged unlawful acts of interference with its business.

After hearing testimony, the court below issued a preliminary injunction, restraining the defendants from "unlawfully picketing the plant and place of business of the complainant; from intimidating, coercing, threatening, assaulting or injuring any of complainant's employees; from following, annoying or hurling offensive or opprobrious epithets at any of such employees; from congregating about complainant's plant and preventing the employees from entering or leaving therefrom; from threatening any of said employees with physical violence; from falsely asserting that there is a strike in complainant's plant, and from preventing them (by false publications or assertions that there is a strike), from having deliveries made to the plant or manufactured merchandise removed therefrom."

The general rule is firmly established that upon an appeal from a decree refusing, granting or continuing a preliminary injunction, we will examine the record only for the purpose of determining whether reasonable grounds existed for the decree entered, and the merits of the case will not be considered by us unless it clearly appears that there was no basis for the action of the court below, or that the rules of law relied upon are

either erroneous or without application. In appeals of this character any expression of opinion upon the merits of the case should be withheld until after final hearing and decree: *Paxson's Appeal*, 106 Pa. 429; *Sunbury Boro. v. Sunbury & S. Ry. Co.*, 241 Pa. 357; *Brock v. Atlantic Refining Co.*, 268 Pa. 231; *Casinghead Gas Co. v. Osborn*, 269 Pa. 395; *Com. v. Katz*, 281 Pa. 287; *Hoffman v. J. & S. Ry. Co.*, 309 Pa. 183; *Harrisburg Dairies, Inc., v. Eisaman et al.*, 328 Pa. 195; *Salus et al. v. Lawrence et al.*, 332 Pa. 431.

In consequence the sole question before us is whether the record indicates that there is reasonable ground for the action of the court below. The chancellor found, and the findings are apparently supported by the testimony, that in furtherance of the purpose to unionize the employees of the plaintiff company, between thirty-five and forty pickets, with signs on their hats and carrying banners, falsely stating the existence of a "strike," surrounded the factory of plaintiff company; in the course of the picketing, violence was resorted to; the plaintiff's employees were accosted, insulted, reviled and intimidated; a number were set upon and beaten; their clothing was torn, and on one occasion a police guard was required to enable plaintiff's employees to enter the factory. The pickets, by threats of violence and other expressions tending to intimidate, prevented automobile trucks transporting merchandise consigned to plaintiff, from making deliveries thereof, and from removing manufactured goods from the plant.

Defendants contend that the acts which plaintiff seeks to have enjoined, occurred during a "labor dispute" as defined by the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, and that there has not been a compliance with the conditions and restrictions imposed by that Act in the issuance of this restraining order.

A review of the evidence presented in the court below upon plaintiff's motion for a preliminary injunction convinces us that there was reasonable ground afforded for

the decree to restrain preliminarily the commission of such acts of violence that were destroying plaintiff's business, and depriving its employees of their right to work.

Appeal dismissed.