Bogadek *v.* Butkovic et al., Appellants.

Argued October 2, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*John D. Meyer,* for appellants.

*A. M. Oliver,* with him *A. F. Yunker* and *C. A. Davis,* for appellee.

OPINION BY MR. JUSTICE STERN, November 27, 1939:

In 1935, plaintiff, a member of the Allegheny County bar, was elected by the quadrennial convention of the Croatian Fraternal Union of America to the office of Legal Counsellor. In 1938 certain charges were preferred against him, as to which he was examined and cross-examined at a hearing held by the Supreme Board of Directors. The Board dismissed him from office. He appealed to the Supreme Trial Board of the Union, which approved the action of the Supreme Board of Directors. He thereupon filed a bill in equity against the members of the Supreme Board of Directors and against the Union, praying that the Directors be ordered to rein-

state him as Legal Counsellor and that he be awarded damages suffered by reason of their action. The court below entered such a decree. Defendants appeal.

There are several reasons why the decree cannot be sustained.

The first is that plaintiff did not pursue all of his remedies within the Union. The by-laws provide that the Supreme Trial Board is the "judiciary body," but the Convention is the "supreme judiciary" (section 5), and is given the power to ratify or amend the decrees and verdicts of the Supreme Trial Board (sections 8, 184). Courts will not entertain jurisdiction unless all the remedies afforded by the by-laws have been exhausted: *Maloney v. United Mine Workers of America,* 308 Pa. 251, 257; *Lodge No. 19 v. Svi Sveti,* 323 Pa. 292; *West v. Pennsylvania R. R. Co.,* 328 Pa. 156; *Varzaly v. Yuhasz,* 128 Pa. Superior Ct. 314. Apparently the Convention was scheduled to meet less than a year after the Supreme Trial Board acted on plaintiff's case, and there is no reason why he should not have appealed to it before seeking relief in the courts.

The second reason which compels a reversal of the decree of the court is that when the proceedings in an association have been regular, fair, and free from fraud, and the party whose rights are involved has been given an opportunity to appear and be heard, the courts will not inquire into the merits of the case nor review the action of the association: *Commonwealth v. Union League,* 135 Pa. 301, 327; *Commonwealth v. Heilman,* 241 Pa. 374, 378; *Maloney v. United Mine Workers of America,* 308 Pa. 251, 256, 257; *Lodge No. 19 v. Svi Sveti,* 323 Pa. 292; *Raynovic v. Vrlinic,* 334 Pa. 529, 533; *Varzaly v. Yuhasz,* 128 Pa. Superior Ct. 314.

It is true that if no evidence is taken to support the charges made, the proceedings must be regarded as arbitrary and should be set aside: *Spayd v. Ringing Rock Lodge,* 74 Pa. Superior Ct. 139, 143. It is upon this principle that plaintiff relies. The complaints against him

were that he violated his duties as Legal Counsellor in that he failed to advise the Supreme Board of Directors, and later the Convention, that the charter of the Union did not permit it to establish a commercial printing plant; that he failed to advise the Executive Board not to sign an agreement with contractors for the building of such a plant until it was ascertained that a building permit could be secured from the Zoning Board or unless a clause was inserted in the agreement protecting the Union if such a permit was not obtained; that he failed properly to present the appeal which was made to the Zoning Board, thereby compelling the Union to engage other counsel in order to secure the permit; and that he published accusations against officers of the Union charging them with negligence in their conduct of the affairs of the Union and making serious reflections upon their integrity. Plaintiff filed an answer to these charges, and at the hearing before the Supreme Board of Directors appeared with his counsel, was interrogated at length as to the complaints against him, and was afforded full opportunity to offer all the evidence he desired. Since no testimony was taken other than his own he insists that his version of the facts must be accepted as true. Even so, however, it remained for the Board to say whether plaintiff's testimony did not itself show that he had not performed his obligations to the Union as its Legal Counsellor, by "obligations" being understood not only those expressly specified in the by-laws but all that are generally recognized as pertaining to the relation of attorney and client and as such had been regularly assumed by the Legal Counsellors. Plaintiff took the position that he was not requested to advise the Convention as to the legality of the proposed printing establishment, that he had expressed a desire to get an opinion in the matter from the Insurance Commissioner but had been persuaded from doing so by members of the Supreme Board, and that he had been informed by the building contractors that they themselves

would obtain the building permit. But it was not unreasonable for the Supreme Board to reach the conclusion that, as Legal Counsellor, he should have volunteered advice to the Convention when he knew that the establishing of a printing plant was under consideration, that he should have made sure of the granting of the permit before allowing the Union to sign the building contract, and that he did not adequately present the facts of the case in the appeal to the Zoning Board.

A final reason against the affirmance of the decree of the court below is the fact that plaintiff's only complaint, in his bill in equity and in the testimony, is in regard to alleged inadequacy of the proceedings before the Supreme Board of Directors. But, according to the by-laws of the Union, the Supreme Board of Directors is the "executive body," and not a judicial tribunal (section 5), and there is no provision which requires or even suggests that it should conduct judicial proceedings. As an executive body it could take action after making such inquiries as it deemed sufficient. The provision of section 212 that it should dismiss the Legal Counsellor if it "finds him guilty" of violating his obligations does not connote the necessity of a *trial;* in section 218, relating to "Editors," where there is a similar provision, the phrase used is "after an *investigation* and after being satisfied of his guilt." It is the Supreme Trial Board which is to conduct trials (sections 165, 166, 174, 188),* with a right of appeal to the Convention as already stated. Plaintiff appeared before the Supreme Trial Board with his counsel; the record is silent as to what transpired there and does not disclose any irregularity in the proceedings before that tribunal.

The decree of the court below is reversed, and the bill is dismissed, at appellee's cost.

---

* There are several instances in which the function of the Supreme Board of Directors is, directly or indirectly, to prefer charges before the Supreme Trial Board, as provided, for example, in sections 97, 104, 128, and 174 (d) and (e) of the by-laws.