## Commonwealth *v.* Rosenblit et al., Appellants.

Submitted March 29, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Louis Lipschitz* and *Thomas D. McBride,* for appellants.

*Americo V. Cortese,* Assistant District Attorney, *John A. Boyle,* First Assistant District Attorney and *John H. Maurer,* District Attorney, for appellee.

OPINION BY MR. JUSTICE DREW, April 19, 1943:

The district attorney of Philadelphia County, on behalf of the Commonwealth of Pennsylvania, filed a bill in equity under section 608 of the Act of November 29, 1933, P. L. 15, as amended, known as the Pennsylvania Liquor Control Act, against defendants to have the latter's premises declared a common nuisance and closed. A decree allowing a preliminary injunction was granted and defendants appealed.

At a full and exhaustive hearing on the rule for a preliminary injunction, the Commonwealth established that defendants maintained a common nuisance at their restaurant-liquor licensed premises, 1814-1816 Market Street, Philadelphia. Visibly intoxicated men and women were served with drinks. Repeated sales of liquor were made to minors without question. Unescorted women and girls frequented the place and openly solicited servicemen, who predominated its male clientele, for drinks. Breaches of the peace and disorderly conduct were common. The place was poorly lighted and the conduct of men with the women and girls who came there was lewd, indecent and lascivious. These and other disgusting practices were known and countenanced by defendants.

In *Yale Knit. Mills v. Knitgoods Wkrs. Union,* 334 Pa. 23, we said (pp. 24-25): "The general rule is firmly established that upon an appeal from a decree refusing, granting or continuing a preliminary injunction, we will examine the record only for the purpose of determining whether reasonable grounds existed for the decree entered, and the merits of the case will not be considered by us unless it clearly appears that there was no basis for the action of the court below, or that the rules of law relied upon are either erroneous or without appli-

cation. In appeals of this character any expression of opinion upon the merits of the case should be withheld until after final hearing and decree [Citing cases]." An examination of the record in the instant case conclusively shows that the decree is based on reasonable grounds and that it was entirely proper to grant the injunction. *Commonwealth v. Cohen,* 150 Pa. Superior Ct. 487, clearly supports the action of the court below.

Decree affirmed.