Trainer, Appellant, v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local No. 516, et al.

Argued January 10, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused April 12, 1946.

*Wade Goble* and *Louis Mitchell Paul,* with them *Clarence G. Smedley,* for appellant.

*Norman Snyder,* with him *James A. Cochrane,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1946:
Philip L. Trainer, appellant, filed this bill in equity for a preliminary injunction pending final hearing and permanently thereafter prohibiting International Alliance of Theatrical Stage Employees and Moving Picture Operators of the United States and Canada, Local No. 516 of Chester, Pennsylvania, appellee, from expelling him from said association, obtaining his discharge, interfering with his employment, compelling appellee to reinstate him to membership with all rights and benefits concommitant therewith, and to reinstate and restore his employment with Warner Bros. Circuit Management Corp. On the date fixed for hearing counsel appeared but no evidence was produced nor was any offer of proof made on behalf of appellant. After discussion between counsel and the hearing judge, the preliminary injunction was refused and a day set for hearing before the court en banc. On the latter date counsel appeared but again no testimony was offered. The court below entered an order refusing preliminary injunction. This appeal followed.

The bill in equity, filed July 12, 1945, averred that Trainer was a member of the appellee union since October 12, 1927, and was employed as a projectionist by the Warner Bros. Circuit Management Corp. at the State Theatre, Chester, Delaware County, for approximately six years prior to June 22, 1945. Appellee is an unincorporated Labor union having contracts with most of the theatres in or about Delaware County, all of which contracts contain a closed shop provision.

On April 4, 1945, Trainer received, by registered mail, a letter dated March 27, 1945, from appellee union, stating that it was in receipt of reports charging violations of section 9 of its by-laws, and fixing April 2, 1945, at 10:00 A.M. as the time when an investigation of the reported violations would be considered. On April 6, 1945, appellant received, by registered mail, a letter dated April 3, 1945, informing him that the Executive Board had found that he had violated the aforesaid by-laws and that separate fines of $5 and $10 each had been imposed. These findings were subject to approval by the union at the scheduled meeting April 10, 1945. On April 23, 1945, appellant received, by registered mail, a letter of even date informing him that the penalties imposed had been confirmed and ratified by the union at the meeting held on April 10, 1945, and that the respective amounts of the fines were charged to his account pursuant to section 16 of the by-laws. On May 15, 1945, Trainer sent to appellee union, by registered mail, four checks totaling $25.50 as payment of his account to date. He also requested that he be informed of the status of his account. On June 15, 1945, he received, by registered mail, a letter, dated June 13, from appellee, returning said checks and stating that a written statement of his financial obligations had been sent to him by registered mail and had been returned to appellee on June 9, marked unclaimed. He was informed that on June 12 the union, by unanimous vote, directed his expulsion from the association for nonpayment of financial

obligations. On June 22, officers of appellee's Executive Board informed appellant's employer that he had been expelled from membership. Appellee was forthwith discharged. Since said discharge appellant has been unable to obtain employment as a projectionist.

Appellant avers that appellee's action in procuring his discharge was "illegal, fraudulent, arbitrary, capricious, and directly in violation of the Constitution and By-Laws" of the union. Numerous pertinent provisions of the by-laws are set forth in separate paragraphs. These provisions provide, *inter alia,* that charges against a member must be in writing and in the form of an affidavit and that there must be filed a statement of all witnesses to the offense who are known to the accuser. Section 9 provides that notice of a hearing of the said charges "shall be served or sent to the accused one week prior to the date appointed for the hearing." The accused may waive the right of appearing or may have counsel appear for him. The Executive Board shall appoint a trial committee of five members in good standing, none of whom shall be a member of the Executive Board, to examine the charges. The right to a fair trial is guaranteed, except, "that a member who has defaulted in the payment of any dues, fees, fines, or assessments lawfully imposed . . . shall be punished summarily." Article 21, section 13, provides that membership may be forfeited by nonpayment of dues by expulsion, and that "No member . . . shall be expelled or suspended, save for nonpayment of dues . . . unless said member has been accorded a fair trial . . ."

Appellant avers that he was not given the required notice of the violations, that no written charges were made against him, that he was given no opportunity to be heard in his own defense, and that he "has exhausted all internal remedies inasmuch as he has filed an appeal with the International body which has not, and will at no time be disposed of due to the feeling as hereinbefore set forth existing between the plaintiff and International

body." The appeal to the International body was filed May 10, 1945, about two months prior to the filing of this bill in equity. It had not been acted upon at the date of the hearing on the rule for a preliminary injunction.

The court below refused the preliminary injunction for the reasons that (1) appellant failed to exhaust the internal remedies; and, (2) there was no proof of a clear case in which appellant's rights were unquestionable.

A decree refusing, granting, or continuing a preliminary injunction will be reversed on appeal only where there has been a plain abuse of discretion by the court below: *Schuylkill Mining Co. v. Indian Head Coal Co.*, 352 Pa. 398, 399, 43 A. 2d 93; *Commonwealth v. Rosenblit*, 347 Pa. 7, 8, 31 A. 2d 706; *Hazleton v. Lehigh Valley Coal Co.*, 339 Pa. 565, 569, 16 A. 2d 23, 25; *Gilliam v. Randall*, 285 Pa. 377, 378, 132 A. 286. A mandatory injunction should be granted only where the petitioner's right is clear: *Philadelphia Record Co. v. Curtis-Martin Newspapers, Inc.*, 305 Pa. 372, 377-78, 157 A. 796, 798. See *Camenisch v. Allen*, 351 Pa. 257, 40 A. 2d 420.

Courts will not entertain jurisdiction unless all remedies afforded by the By-Laws and Constitution of an association have been exhausted, for it is from them that the rights of the members are derived and determined: *O'Neill v. United Association of Journeymen Plumbers and Steam-Fitters of United States and Canada*, 348 Pa. 531, 535, 36 A. 2d 325, 327; *Bogadek v. Butkovic*, 336 Pa. 284, 286, 9 A. 2d 388, 389; *West v. Pennsylvania Railroad Co.*, 328 Pa. 156, 159, 194 A. 912, 914; *Lodge No. 19, Svete Ime Isusovo v. Svi Sveti*, 323 Pa. 292, 294, 185 A. 650, 761; *Maloney v. United Mine Workers of America*, 308 Pa. 251, 257, 162 A. 225, 227.

Appellant seeks to avoid the necessity of pursuing all available remedies by alleging that such appeal would be "in vain, due to the prejudice, animus, and bias which, has and still exists between the plaintiff, the Interna-

tional Body and its office." *O'Neill v. United Association of Journeymen, Plumbers, and Steam-Fitters of United States and Canada,* supra, relied upon by appellant, is not controlling. In that case a hearing was had and petitioners had made an offer of proof of the facts alleged. The evidence established that the remedy was too circuitous and would deprive plaintiff of redress for at least four years, an unreasonably long period of time under the circumstances. In the instant case the record is barren of any evidence. The averment is not of a fact but a conclusion. There is nothing in support thereof, nor was there any offer of proof. The appeal to the International was made about two months prior to the filing of this bill in equity. Under these circumstances it cannot be said that appellant has exhausted all internal remedies provided by the Constitution and By-Laws of the Association. It should be noted that the appeal to the International Body does not refer to expulsion but to the imposition of the fines. Where protection to a certain right is to be found only in a court of equity, a mandatory injunction should be granted upon a proper showing, and, in such a case, it is error to refuse it: *Crawford v. Sullivan,* 238 Pa. 142, 143, 85 A. 1090. Here the only protection does not rest in a court of equity but compliance must be had with the provisions of the instruments which create appellant's rights.

The court below did not abuse its discretion in determining that Trainer failed to present a clear case in which his rights were unquestionable. Assuming the allegations in the bill that the notices of the respective hearings did not comply with the letter of the by-laws to be true, appellant has remained passive throughout insofar as protection of his interests and rights is concerned. He did not attend any of the meetings at which his case was considered. The bill with appendant exhibits reveals that he refused to accept a registered letter informing him of the amount of his financial obligations.

He has relied entirely upon a technicality, to wit, the failure to give proper notice of the hearing upon the charges before the executive board. His only affirmative acts have been to tender four checks in full payment of dues and fines at a time when he was uncertain as to the amount actually due, and filing an appeal to the International from the imposition of such fines only after he had been expelled for nonpayment of his financial obligations. The former is of no consequence when his act of refusing a registered letter containing a statement of his account is considered. The latter remained undecided at the time the bill was filed. Having failed to act in his own behalf it ill behooves him now to request a court of equity to intervene and grant the extraordinary equitable remedy of a mandatory injunction.

The order dismissing the motion for a preliminary injunction is affirmed. The record is remitted for determination of the case; costs to abide the event.