## Hackshaw et al. v. International Brotherhood of Bookbinders et al.

*Alphonsus Casey*, for plaintiffs.
*Paul A. McGlone*, for defendants.

ROBINSON, J., January 24, 1949.—Plaintiffs in this case seek the aid of equity to restore them to their former employment with defendant, Haddon Craftsmen, Inc.

The bill of complaint alleges that plaintiffs are members in good standing of defendant labor union, Bookbinders Local No. 97, an affiliate of the International Brotherhood of Bookbinders; that said Local No. 97 as the bargaining agent for its members has a labor agreement with defendant employer which deals with "seniority rights"; that plaintiffs are journeymen bookbinders and as such are senior to certain other members of Local No. 97 in the employ of Haddon Craftsmen, Inc.; that defendant Local No. 97 discriminated against plaintiffs by changing the positions of plaintiffs on the seniority roster in violation of the labor agreement and plaintiffs' rights as union members; that plaintiffs protested to the president of the International Brotherhood who determined the seniority rights of plaintiffs from which decision no appeal was taken according to the general laws of the union; that defendant refused to change plaintiffs' positions on the seniority roster as a result of which plaintiffs were laid off and have been out of work since October 1948.

The prayer of the bill of complaint asks that defendant be restrained from interfering with plaintiffs' rights; that they be restored to employment and receive service credit for the period of the layoff and asks for damages for the alleged wrongful layoff.

Preliminary objections to the bill of complaint were filed by Bookbinders Local No. 97. The principal objections are that the pleading does not reveal the source of plaintiffs' alleged seniority rights; that the present positions of plaintiffs on the seniority roster and the positions claimed by plaintiffs are not pleaded; that the bill does not set forth an order or directive of the president of the International Brotherhood; that there is no allegation that plaintiffs have exhausted the remedies provided by the law of the union, and that copies of the labor agreement with the employer,

the constitution and general laws of the union and the seniority roster are not attached to the pleading.

There is merit in the objections.

The seniority rights of an employe do not arise because of the mere fact of employment. The right of one employe to be preferred over his fellow workmen in any manner is not an incident of the employment. Seniority rights are not independent and self-existing rights: McMenamin et al. v. P. T. C., 356 Pa. 88. Once established, an employe's seniority rights have been held to be property rights which the courts will protect: Heasley et al. v. Operative Plasterers & Cement Finishers International Assn., Local No. 31, et al., 324 Pa. 257. However, one asserting a right superior to that of his fellow workmen by reason of seniority must first plead and then prove not only the source of the right asserted but the nature and extent of the same as well.

The right of an employe to a job and the right of that employe to a particular job in preference to other employes can arise only because of a valid contractual undertaking between the employer and the employe. That contract in this instance is not alleged to be between plaintiffs and defendant employer. On the contrary, it is alleged to be a labor agreement entered into as a result of collective bargaining between the employer and defendant labor organization, who are the stated parties to the agreement. Defendant, Bookbinders Local No. 97, was and had been for years acting as the bargaining agent for all of its members, and it follows, therefore, that the rights of plaintiffs here sought to be asserted must be derived, at least in part, from the labor agreement existing between the employer and Local No. 97 as the bargaining agent for plaintiffs and all other members of the local union.

Equity Rule No. 34 requires that a copy of all material parts of a written instrument upon which plaintiff

relies for recovery must be included as an exhibit to the bill. The material parts of the labor agreement between defendant employer and defendant union should have been included in the bill, which is defective for want of the same.

Of equal importance as a factor in determining the source, nature and extent of plaintiffs' rights are the constitution and bylaws of defendant labor union of which they are members.

It has long been established that the constitution and bylaws of an association form the contract of membership and is the agreement between the membership which gives rise to the rights of all the members: O'Neill et al. v. United Association of Journeymen Plumbers and Steam Fitters of United States and Canada et al., 348 Pa. 531; Trainer v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local No. 516, et al., 353 Pa. 487.

Where certain members of a labor organization claim rights that are superior to the rights of other members of the same organization, the validity of such assertion can be determined only by reference to the basic instruments forming the compact of membership, from which the rights of all of the members are derived: Trainer v. International Alliance, Local 516, supra. Thus the rights of plaintiffs, as journeymen bookbinders, are superior to apprentices and unskilled workers, and to others attaining the status of journeymen subsequent to plaintiffs' classification, if, and only if, it appears from the constitution and general laws of the labor organization that the members have by their compact made them so. A valid basis for the classification of members and the rights of seniority of some members over others can be found only in the constitution and bylaws of the union.

Nothing is more settled in the field of labor law than the rule that courts will not take jurisdiction of a dispute between the members of a labor organization, or between a member and the organization unless the remedies afforded by the compacts of membership have been exhausted and that such members seeking the aid of the courts must show compliance with the provisions of the agreements of membership which create the rights alleged. See Trainer v. International Alliance, Local 516, supra; O'Neill v. United Plumbers, supra; Lodge No. 19, Svete, Ime Isu Sovo v. Svi Sveti et al., 323 Pa. 292. It has been held that when proceedings have been had in compliance with the bylaws and the constitution of the organization, which proceedings have been regular, fair and free from fraud, and the parties interested have been given an opportunity to appear and be heard, the courts will not inquire into the merits of the matter or review the action of the association: Bogadek v. Butkovic, 336 Pa. 284.

Here, however, while it is alleged that plaintiffs protested to the International Brotherhood of Bookbinders and that its president determined the seniority rights of plaintiffs, there is nothing in the bill of complaint to even suggest that this procedure was the procedure prescribed by the basic laws of the union, or that the international president was vested with the power and authority to make a decision in the matter. Indeed, it is doubtful that the allegations of paragraph 10 of the bill can be considered as a decision by the international president ordering and directing defendant local union to take any action in the matter of plaintiffs' employment status. The legal machinery set up by the general laws of the association must be used for determining disputes within the organization, and the authority of those vested with the power of decision must be pleaded. Here it does not appear from the

pleading what steps were required to be taken by the basic laws of the organization, and it is not alleged that defendant, Bookbinders Local No. 97, was afforded an opportunity to appear and be heard in the matter of the protest filed by plaintiffs with the international affiliate.

Those parts of the constitution and bylaws of any organization dealing with the procedure established by the membership for the adjudication of disputes arising within the association and vesting in a tribunal the power and authority of decision are required as an exhibit in the pleading in a suit of this kind.

It remains but to refer to the failure by plaintiffs to include the seniority roster as an exhibit to the pleading. This failure makes vague and indefinite the allegations as to plaintiffs' position on the roster. The bill does not allege plaintiffs' present positions on the roster and does not allege the position by reason of the alleged seniority that plaintiffs claim they are entitled to.

It is even silent as to the position on the seniority roster that plaintiffs contend they are entitled to by reason of the alleged decision of the international president.

A bill in equity of this nature must be so drawn as to clearly establish among other things the source of the rights upon which plaintiff relies, must definitely and precisely point out the relief to which plaintiffs allege they are entitled, must plead the remedies afforded by the contract of membership, have copies of the same attached to the pleading, and allege factually that all remedies provided for by the private arrangement have been pursued and exhausted.

Now, January 24, 1949, the preliminary objections are sustained and the bill is dismissed with leave to plaintiffs to file an amended bill of complaint within 20 days.