## Trimble v. Robertshaw Thermostat Company

Before Laird, P. J., Bauer and McWherter, JJ.

*Earl S. Keim* and *A. C. Scales*, for plaintiff.

*Smith, Best & Horn*, for defendant.

BAUER, J., August 4, 1949.—An action was filed on or about January 17, 1947, to recover, on the part of plaintiff, the sum of $420.19, alleging it to be owing by defendant retroactively for additional wages earned by plaintiff during his employment, from June 28, 1944, until January 8, 1946.

There are many details involved in the various motions filed in this action and in the various pleadings, which are not important or relevant to a decision on the present question.

Defendant has filed an answer in the nature of a demurrer and motion for more specific pleading and, in effect, has stated that plaintiff has not alleged that he has complied with the contract entered into between the union, of which he was a member (United Steelworkers of America), and defendant, and further, that if he has complied with the contract, he consequently cannot institute at this time an action in the court of common pleas, but is bound by any final decision affecting his claim, as made and entered in accordance with that contract.

The only allegation in plaintiff's complaint which bears upon this question is contained in paragraph 16, which reads as follows:

"16. It is averred by the plaintiff that plaintiff has exhausted all remedies available to him within said Union and provided for under any agreement between the United Steelworkers of America and its Local No. 1163 and the Defendant Company; and particularly avers that he has exhausted all remedies available to him under plaintiff's 'Exhibit I' hereto attached and made a part hereof."

It is quite true that under Pa. R. C. P. 1019 this, ordinarily, would be a sufficient allegation, for that rule states:

"(c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally

that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity."

However, if we assume, as we must at this stage of the proceedings, that the allegation is true and correct, then we are required to examine the agreement, which is exhibit I of plaintiff's complaint, and determine his position after the exhaustion, as alleged, of "all remedies available to him" under the contract.

This written contract provides, in section VII, for the adjustment of grievances. Under the contract, if any employe believes that he has a just request or complaint, he is given the right to discuss it with his foreman, either in the presence or absence of the departmental representative. The foreman is required to answer any such complaint within 24 hours. The contract then provides, as the next step, that the employe, if he is dissatisfied with the foreman's disposition of his complaint, may then have the matter reconsidered by the foreman and the department superintendent, and he may then be represented by the departmental representative. He is required at this time to set forth his grievance in writing, and the complaint must be answered within 48 hours from the time of its presentation. If the employe is dissatisfied with the disposition of the complaint at this stage of the proceedings, then the grievance committee of the union has the right to present the complaint to the general superintendent of the plant, or his representative, at the next meeting of the grievance committee. A certain procedure is outlined in the contract for consideration of the complaint by the general superintendent. At this stage, meetings are held and written minutes are required to be kept of such meetings, including the decision reached. Again, if the decision is not satisfactory to the employe, he has the right to resort to the

next step in the adjustment of his grievance. That step gives the right of an appeal to be heard by a representative of the international union, certified to the management in writing, and a representative of the company. If either party concludes that the grievance cannot be settled under this procedure, an appeal may be taken by either the company or the employe to an impartial arbitrator, appointed by mutual agreement, and the contract provides "the decision of the arbitrator shall be final."

The contract also provides: "It is agreed by the parties hereto that procedure provided in this Section, if followed in good faith by both parties, is adequate for fair and expeditious settlement of any grievances arising in any plant of the Company."

Since, therefore, plaintiff has averred that he has exhausted all the remedies available to him under the contract, which is made part of his pleadings, we must assume that he has gone through all of the four stages set forth in the contract and outlined above, and that, as a final step, an arbitrator was appointed, and that the arbitrator has decided the controversy. We consequently, are impelled to the conclusion, because the contract so provides, that the decision of the arbitrator has been made *and that it is final.*

It should be particularly noted that plaintiff has not alleged that the arbitrator awarded him any sum of money, which defendant has refused, improperly or unjustly, to pay. We, therefore, can assume that the arbitrator refused to allow the plaintiff's claim and to decide the grievance in his favor.

There is no allegation in the complaint that the arbitrator acted dishonestly, that there was any fraud involved in his decision or in his actions, or that he was impelled by any improper motives in his decision.

It is quite true that in cases of fraud, or in cases where the arbitrator's actions have been impelled by

improper or dishonest motives, that one offended thereby may bring an action in the court of common pleas of the proper county to redress his wrongs.

That is not this case. It is our opinion that the court of common pleas has no jurisdiction whatever to consider the action as brought by this plaintiff. Through his union, he was a party to the written contract which is made a part of his pleadings. He is bound by that contract. He has availed himself, on his own allegation, of the remedies provided in that contract for redressing his grievance.

One of the principal reasons for the insertion in the labor contract of the "grievance procedure" was that it would be final and binding upon the parties, and also to prevent either party to the contract from being harassed by suits at law.

The parties have set up a forum for consideration and settlement of grievances, and cannot now ask this court to set aside that agreement.

Consequently, it would be a futile thing to proceed to the trial of this action, since, at the trial plaintiff would prove, as he has alleged, that he has resorted to the "grievance procedure" under the contract, and, since he has therefore received a final decision, the court would be obliged to hold that there was no jurisdiction, and that plaintiff's case should be nonsuited. We see no reason why we should put the parties or the court to that trouble and expense.

The case of Trainer v. International Alliance of Theatrical Stage Employees et al., 353 Pa. 487, stands for the proposition that "Courts will not entertain jurisdiction unless all remedies afforded by the By-Laws and Constitution of an association have been exhausted . . ." and that an individual cannot allege that resort to such procedure would be in vain; he must actually avail himself of the provisions of the contract,

and compliance must be had with the provisions thereof which create his rights.

We are of the opinion that defendant's demurrer should be sustained and plaintiff's complaint stricken from the record.

And now, August 4, 1949, after argument and after due and careful consideration, a majority of the court concurring, it is ordered, adjudged and decreed that defendant's demurrer be and the same hereby is sustained, and plaintiff's complaint is stricken from the record.

## DISSENTING OPINION

McWHERTER, J., August 4, 1949.—Plaintiff, Charles B. Trimble, brought a suit in assumpsit for $420.19. Counsel for defendant, Robertshaw Thermostat Company, filed a demurrer and motion for more specific pleadings. By a decree of the court en banc entered July 22, 1947, the motion for more specific pleadings was overruled and denied for the reasons set forth in the opinion of the court filed therewith. The decree of July 22, 1947, reads as follows:

"Now, July 22, 1947, it is ordered, adjudged and decreed that Defendant's motion for more specific pleadings be and the same is hereby overruled and denied. It is further ordered that Defendant's demurrer be sustained, effective twenty days from the date of the filing of this Decree, without prejudice to the plaintiff to file, with leave of Court, whatsoever supplemental pleadings he or his counsel may desire within said twenty days. Should the same be so filed this Court or a Judge thereof will entertain a motion to vacate that portion of this Decree which sustains, by way of a decree nisi, defendant's demurrer."

Under date of August 1, 1947, an order was filed granting plaintiff leave to file an amendment which he was entitled to do under the terms of the decree nisi theretofore entered.

Paragraph 16 of the complaint, as amended, reads as follows:

"16. It is averred by the plaintiff that plaintiff has exhausted all remedies available to him within said Union and provided for under any agreement between the United Steelworkers of America and its Local No. 1163 and the Defendant Company; and particularly avers that he has exhausted all remedies available to him under Plaintiff's 'Exhibit I' hereto attached and made a part hereof."

Therein there appears a positive averment that plaintiff has exhausted all remedies available to him within the union and provided for under any agreement between the union and defendant company.

On December 28, 1948, by agreement of counsel an order was made directing the prothonotary to place the case for argument before the court en banc at the February term, 1949, list, to hear argument upon a motion of plaintiff, as though filed in writing, to vacate that portion of the court's decree, dated July 22, 1947, which sustained by way of a decree nisi defendant's demurrer. Argument was had. Counsel for both sides filed briefs. The question therefore before the court is whether or not the previous order of the court en banc should be vacated. We believe that it should.

Although the court en banc has already overruled and dismissed defendant's motion for more specific pleadings, counsel for defendant, in its brief, opposing the motion to vacate the previous order, uses 13 pages to show why, in its opinion, more specific pleadings should not be filed. This is water over the dam since we have already ruled on it.

On October 15, 1948, an order was entered by Judge McWherter, who wrote the previous opinion for the court en banc, vacating the decree nisi and directing defendant to plead on the merits within 20 days.

Since counsel agreed that this action should be reviewed by the court en banc, and have presented their arguments and briefs, it is proper for the court en banc to now adjudicate the problem presented by defendant's demurrer and plaintiff's amendment.

This case involves retroactive pay. Plaintiff was employed by defendant company from January 10, 1944, to January 8, 1946, and was a member of Local 1163, United Steel Workers of America. A dispute arose between the union and the company over job classifications, which dispute was certified to the National War Labor Board, and it, through the Regional War Labor Board of the Third Region recommended that the union and defendant company coöperate in working out a scientific classification. The union and the company so agreed except as to the effective date for the agreed classifications. Upon the matter again being referred to the Regional War Labor Board a directive order was issued March 31, 1945, fixing June 28, 1944, as the effective date for retroactive pay. Plaintiff was an employe and member of the union on the effective date of the second directive of the Regional War Labor Board. Plaintiff admits that he received the proper pay from September 9, 1945, until he was laid off on January 8, 1946. His complaint is that he did not receive the additional pay between June 28, 1944, the effective date of the directive, and September 9, 1945.

Defendant, on pages 4, 5, 6, and 7 of its brief, has copied off certain provisions of the contract between the union and defendant company indicating procedure. Defendant relies on the case of Cousins v. Pullman Co. (Tex. Civ. App.), 72 S. W.(2d) 356 (1934). That was a case involving discharge of an employe and an effort to procure reinstatement and compensation for wages lost. It does not here control.

Defendant has cited Reed v. St. Louis S. W. R. Co. (St. Louis Court of Appeals of Mo.), 95 S. W. (2d) 887 (1936), which was an action brought by a former employe to recover damages for alleged wrongful discharge in violation of a contract. That case does not help in the matter here presented. In like manner, the case cited by defendant of Trainer v. International Alliance of Theatrical Stage Employees et al., 353 Pa. 487 (1946), does not here control as the facts were entirely different.

Defendant has also cited the case of Jannotta v. Pittsburgh Steel Company, etc., et al., no. 2210 in equity, 1947, in this court. The writer is cognizant and familiar with the matters presented in that case and the facts are so entirely different that that case is not a precedent for an adjudication in the instant case.

Both sides have cited the case of O'Neill et al. v. United Association of Journeymen, Plumbers and Steam Fitters, etc., et al., 348 Pa. 531. This case has been given consideration and I feel that an adjudication on the facts presented in that case cannot be made on the question as here presented based solely on the O'Neill case.

Under the agreement between the company and the union it was specified that there could be no appeal from the decision of the Regional War Labor Board which fixed June 28, 1944, as the effective retroactive date for the increase in pay.

As was held in Baltimore Transit Company v. Flynn, 50 F. Supp. 382, section 10 of the syllabus:

"The National War Labor Board does not exist as a tribunal to determine legal rights and obligations of employer and employee, or to protect and enforce such rights, but merely to decide how such rights, in board's opinion, are to be exercised in public interest in view of state of war."

There is no internal remedy available to plaintiff under the agreement between the union and defendant company, marked exhibit I. Since defendant was laid off on January 8, 1946, he, since that date, has not been an employe within the meaning of section 7 of exhibit I since his discharge, neither is he a member of the union. He, therefore, is not in position to further utilize any internal remedies which are available to employes and members of the union. It appears that plaintiff is limited to a suit in assumpsit if he is entitled to recover at all. A trial judge can better pass on the merits of the case after defendant has filed its pleadings on the merits.

In the last order of court it was said in the opinion that it was unnecessary to pass on the question of jurisdiction as the matter of jurisdiction could be raised at any time. I feel that although the question of jurisdiction has thus been disposed of it is proper to now say that the court has jurisdiction. Plaintiff is a resident of Westmoreland County and defendant has its principal office or place of business within the County of Westmoreland: Massachusetts Bonding & Insurance Company v. Johnson & Harder, Inc., et al., 330 Pa. 336, 340; Sun Ship Employees Association, Inc., v. Industrial Union of Marine and Shipbulding Workers, 351 Pa. 84.

On the question of jurisdiction the court has the benefit of the case of McNeil v. Peoples Life Ins. Co., 43 A. (2d) 293. This case was heard in the Municipal Court of Appeals for the District of Columbia. In that case on the matter of jurisdiction plaintiff was not in as strong a position as in the instant case as a contract had been entered into for an increase in wages retroactive to March 31, 1942, 11 months prior to the date on which plaintiff had left defendant's employment.

In Yazoo & M. V. R. Co. v. Webb, 64 F. (2d) 902, at page 903, section 2 of the syllabus, it was held that:

"Contract between employer and employees as to wages and working conditions is analagous to treaty, and should be construed liberally to accomplish its purposes."

In an action in assumpsit plaintiff need not set forth his evidence. As previously stated by the court en banc on the question of motion for more specific pleadings the court can readily conceive of the record being encumbered by the numerous copies of sheets of paper, correspondence and writing which have no place in pleadings. Such matters are evidence, not pleadings.

As stated, plaintiff has sufficiently pled a cause of action. He has stated in his amended complaint that he has exhausted the remedies provided for by the contract between the employer and the union. In considering the pleadings as here presented the court must accept the averments of fact set forth in the complaint as true. The majority of the court has arrived at the conclusion that his sole remedy is within the framework of the contract between the employer and the union. Assuming this to be true, as long as plaintiff was an employe and a member of the union I cannot agree that plaintiff is barred from a remedy in the Court of Common Pleas since he, by reason of his being laid off is neither an employe nor a union member. Plaintiff, as soon as he was laid off and his connection with defendant as an employe severed, was an outsider insofar as the union remedies provided by the contract were concerned, and still is. I have cited cases where it was held that a court of law had jurisdiction, in some of which plaintiff's position was not as strong as in the instant case. I am firmly convinced that defendant should be required to plead and answer the complaint filed by plaintiff.