Strano, Appellant, *v.* Local Union No. 690.

Argued November 24, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Edward I. Weisberg,* for appellants.

*Robert G. Kelly,* with him *William R. Deasey,* and *Kelly, Deasey & Scanlan,* for appellees.

OPINION BY MR. JUSTICE MCBRIDE, December 30, 1959:

Plaintiffs appeal from the refusal of the court below to grant a preliminary injunction.

They filed a complaint in equity against the defendants, Local Union No. 690[1] of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada,[2] and the President and Business Manager of the Local Union. Defendants filed preliminary objections which were sustained and an amended complaint was then filed. Again defendants filed preliminary objections averring that plaintiffs had failed to exhaust all of the internal remedies available to them within the framework, by-laws and constitution of the International Union. Plaintiffs also filed a motion for a preliminary injunction requesting the court to enjoin a scheduled election in the Local Union and to direct the defendants to supply plaintiffs with a current list of the members of the Local Union. The court below dismissed this motion for a preliminary injunction. From *that* order this appeal was taken.

As we stated in *Lindenfelser v. Lindenfelser,* 385 Pa. 342, 123 A. 2d 626: "Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon

---

[1] Hereinafter called the "Local Union".

[2] This is an unincorporated international labor union and will hereinafter be called the "International Union".

the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable."

In this case the action of the court below is fully supported by authority. The doctrine of mandatory exhaustion of internal remedies is firmly established by the decisions of this Court. We said in *Trainer v. International Alliance*, 353 Pa. 487, 46 A. 2d 463: "Courts will *not entertain jurisdiction* unless all remedies afforded by the By-Laws and Constitution of an association have been exhausted, for it is from them that the rights of the members are derived and determined: O'Neill v. United Association of Journeymen Plumbers and Steamfitters of United States and Canada, 348 Pa. 531, 535 . . .; Bogadek v. Butkovic, 336 Pa. 284, 286. . . .; West v. Pennsylvania Railroad Co., 328 Pa. 156, 159. . . .; Lodge No. 19, Svete Ime Isusovo v. Svi Sveti, 323 Pa. 292, 294. . . .; Maloney v. United Mine Workers of America, 308 Pa. 251, 257. . . ." (Emphasis supplied.)

The Constitution of the International Union provides in Section 211: "Any Officer or member of the United Association found guilty of unjust discrimination against members of the United Association because of their affiliations or non-affiliations with fraternal societies or otherwise, wherein such unjust discrimination causes members to lose employment . . . shall be disciplined by either assessment, suspension or expulsion from the United Association, in accordance with Sections 212, 213, 216." Sections 212, 213 and 216 provide the method whereby the members' right under Section 211 shall be processed. Thus it was implicitly recognized that the plaintiffs, as members of the Local, were bound by the provisions of the constitution and by-laws of the International Union. These provisions were completely ignored in the pleadings and in oral

argument by plaintiffs. They have failed to allege either that no remedy was available to them within their International Union for the wrongs allegedly perpetrated on them by the Local and its officers, or that the remedies which are available were exhausted, or indeed that it would be futile to attempt to institute such remedies. Such failure is fatal. See *Durso v. The Philadelphia Musical Society,* 11 Pa. D. & C. 2d 463, aff'd per curiam, 392 Pa. 30, 139 A. 2d 555; *Binkowski v. Highway Local 107,* 8 Pa. D. & C. 2d 254, aff'd. per curiam, 389 Pa. 116, 132 A. 2d 281.

It will be noted that the only order appealed from is the refusal of the court below to grant a preliminary injunction. This is not an appeal from an order sustaining preliminary objections and the sufficiency of plaintiffs' complaint is not in issue. Thus the question of whether the Labor Management Relations Act[3] precludes state courts from entertaining suits of the nature set forth in plaintiffs' complaint[4] is not before us at this time.

The order of the court below is affirmed.

---

[3] Act of June 23, 1947, 61 Stat. 136, 29 U.S.C.A. §141 et seq.

[4] See *San Diego Bld'g. Trades Council, etc. v. Garmon,* 359 U.S. 236.