## Fraternal Benefit Societies

ANNE X. ALPERN, Attorney General, and MICHAEL J. STACK, JR., Deputy Attorney General, January 18,

1961.—You have asked our advice as to whether certain rules of a fraternal benefit society violate the provisions of section 6 of the Act of July 17, 1935, P. L. 1092, popularly known as The Fraternal Benefit Societies Act of 1935. The society, the Brotherhood of Railroad Trainmen Insurance Department, Inc., seeks to do business in the Commonwealth of Pennsylvania. The question arises out of a review of its constitution and rules offered in support of its application for admission.[1]

The Brotherhood of Railroad Trainmen Insurance Department, Inc., is a nonprofit Ohio corporation formed by the Brotherhood of Railroad Trainmen, an unincorporated association, as a fraternal benefit society under the laws of Ohio. As stated in the rules of the Brotherhood of Railroad Trainmen Insurance Department, Inc., the object of the Insurance Department is to provide for its members insurance benefits based upon adequate rates. The Brotherhood of Railroad Trainmen and the Brotherhood of Railroad Trainmen Insurance Department Inc., have only one constitution and this constitution requires that the brotherhood maintain an insurance department. The officers of the Brotherhood of Railroad Trainmen solely by reason of their election in the Brotherhood of Railroad Trainmen hold comparable offices in the Brotherhood of Railroad Trainmen Insurance Department, Inc.

The affairs of the insurance department are managed by an individual reserve board which consists of

---

[1] Official opinion no. 181, rendered to you on May 7, 1959, by Attorney General Anne X. Alpern, advised you that this society was not exempt from regulation under The Fraternal Benefit Societies Act of 1935. The conclusion of this opinion was confirmed by the Dauphin County Court: Brotherhood of Railroad Trainmen Insurance Department, Inc. v. Smith, Insurance Commissioner, 74 Dauph. 346 (1960).

the president, assistant to the president, general secretary and treasurer. Its duties consist in considering claims referred to it by the general secretary and treasurer, the making of rules and regulations, issuing additional classes of insurance, including health and accident insurance, arranging for reinsurance and promulgating such orders as are not inconsistent with the constitution of the brotherhood and of the Insurance Department, Inc., and of the insurance laws of the State and provinces as may be by it deemed expedient and proper for the transaction of the brotherhood's insurance business.

The rules which you have questioned are two in number. Rule no. 3 of the constitution provides, in part, as follows:

". . . The Individual Reserve Board shall have the power and authority to make such rules and regulations, to issue additional classes of insurance, including accident and health insurance, to arrange for reinsurance and to promulgate such orders not inconsistent with the Constitution of the Brotherhood and of the Insurance Department and the insurance laws of the states and provinces as may be by it deemed expedient and proper for the transaction of the Brotherhood's insurance business."

Rule no. 10 (a) provides, in part, as follows:

"The Individual Reserve Board is authorized to issue certificates of insurance to members granting death; disability; endowment; accident and health; or other benefits as may by them be deemed suitable for the membership of the Brotherhood of Railroad Trainmen. They may issue additional classes or plans or discontinue issuing existing classes or plans of insurance certificates as experience may justify. Each class or plan shall be evidenced by an insurance certificate to be issued under the hands of the President and the General Secretary and Treasurer in the name of

the Brotherhood of Railroad Trainmen Insurance Department, and under the seal of the Insurance Department."

The critical section of The Fraternal Benefit Societies Act of 1935, to which you have directed our attention, is section 6, which provides:

"Every such society, by its supreme governing or legislative body, shall have power to make, alter, and amend its constitution and laws for the government of the society, the management of its affairs, the admission and classification of its members, the control and regulation of the terms and conditions governing the issue of its benefit certificates and the character or kind of benefits or privileges payable or allowable thereunder, the fixing and adjustment of the rates of contribution, fees, or dues payable by its members, and the allotment of the same to the different funds of the society. Such constitution and laws, when made and altered and amended, shall be the law governing the society and its officers, board of directors, or managers, subordinate or constituent lodges, councils, or branches, and all members and beneficiaries in their relation thereto. . . ."

The Brotherhood of Railroad Trainmen Insurance Department, Inc., takes the position that its "supreme governing or legislative body" is its quadrennial convention.[2] Your question may then be restated for pur-

---

[2] More specifically it is the grand lodge. See sections 6 and 7 of the constitution:

"Sec. 6. The Grand Lodge has exclusive jurisdiction over all subjects pertaining to the Brotherhood, and its enactments and decisions upon all questions are the supreme law of the Brotherhood. The Grand Lodge may hear and determine all matters of controversy which may be brought before it by appeal or otherwise; issue all charters, reprove and punish the misconduct of subordinate lodges; adopt laws and regulations of general application for the government of the Brotherhood, and alter, amend, or repeal

poses of clarity as, may the constitution authorize the individual reserve board to exercise jurisdiction in the area specified in rules 3 and 10 when The Fraternal Benefit Societies Act of 1935 apparently vests this power in the supreme governing or legislative body? Our answer is in the affirmative.

Before giving our reasons it would be helpful if some additional information was mentioned. The Brotherhood of Railroad Trainmen Insurance Department, Inc., has assets in excess of $50,000,000. It issues certificates in all States and in Canada. Its activities encompass accident and health insurance, disability and life insurance. The total insurance in force exceeds $125,000,000. Approximately 8,900 certificates are in force in Pennsylvania.[3]

---

the same; control, and regulate the unwritten work of the Brotherhood; establish, print, and supply all charters, constitutions, official receipts, rituals, dispensations, withdrawals, transfer and traveling cards of the Brotherhood, make such assessments for revenues as may be necessary to defray the expenses of the Grand Lodge, and do all things necessary to promote the welfare of the Brotherhood.

"Sec. 7. The Grand Lodge officers shall be elected at each regular convention and shall hold office until the 31st day of December after the adjournment of the next regular convention. Their term of office shall date from the first day of January after the adjournment of the convention at which elected; except in the case of filling an unexpired term, when the officer shall take charge of his office, immediately upon being appointed and approved, and he shall serve for the remainder of the term. They shall be installed during the session of the Grand Lodge at which they were elected.

"Note: The Thirtieth Convention, on September 14, 1954, adopted the following motion:

" 'During nomination of Grand Lodge officers and of. the respective boards all withdrawals made by candidates declining to accept nominations shall be made before nominations are closed. The presiding officer shall call twice for withdrawals before proceeding to accept a motion to close nominations.' "

[3] Statistics of Fraternal Society, 1956, The Fraternal Monitor (62nd ed.).

We turn now to a consideration of the factors supporting our conclusion. Changes in the constitution can be effected only as provided in section 72 of the constitution. This section requires advance notice to the entire membership of contemplated changes in the constitution. It further provides that after following the proper procedure the changes in the constitution are presented to the convention wherein a majority vote of the delegates present is necessary to effect a change. Delegates are the representatives of the membership and are elected by the procedure set forth in the constitution. See section 85 (a) of the constitution. In adopting rules 3 and 10 as part of their constitution the membership of the brotherhood expressly delegated this power to the individual reserve board.[4]

If we were to hold that the convention is the only body which may absolutely determine questions with regard to the control and regulation of the terms and conditions governing the issue of its benefit certificates and the character or kind of benefits or provisions payable or allowable thereunder, or the contents of the reinsurance contracts, the result would be grossly unrealistic. Particularly is this so when we consider that the convention meets but once in every four years. In view of the volume of activity, as evi-

---

[4] Section 6 of the Fraternal Benefit Societies Act of 1935, 40 PS §1056, requires each society to file with the Insurance Commissioner a duly certified copy of its constitution and laws as enacted and as changed, added to or amended within 90 days after enactment.

The section further provides:

". . . Printed copies of the same, duly certified by the secretary or corresponding officer thereof, shall be prima facie evidence of the legal adoption thereof."

A certified copy of same was supplied to the Department of Insurance on February 9, 1960. We would hesitate, in view of this presumption, to question the authenticity of the constitution and rules of the brotherhood and of the insurance department.

denced by the statistics set forth above, such a holding would result in pure chaos.

There can be no question that the convention, as composed of the elected delegates of the membership, possesses the power to establish a specific body to exercise this function which it possesses. See generally 19 Appleman, Insurance Law and Practice, sec. 10171 (1945 ed.). In the absence of an allegation of wrongdoing, regulatory bodies should be hesitant to inquire closely into the internal affairs of such associations. Cf. Bogadek v. Butkovic, 336 Pa. 284, 9 A. 2d 388 (1939); Bodrog v. Sekerak, 90 Pitts. L. J. 455 (1942).

Accordingly, it is our opinion and you are so advised that the Brotherhood of Railroad Trainmen Insurance Department, Inc., does not violate section 6 of The Fraternal Benefit Societies Act of 1935 insofar as the activities of the individual reserve board are involved.