## Weiner v. Pennsylvania Institute of Certified Public Accountants

*Alan I. Baskin,* for plaintiff.
*Robert M. Landis,* for defendant.

REIMEL, J., September 22, 1972.—This complaint in equity requests the court to enjoin defendant organization, the Pennsylvania Institute of Certified Public Accountants (hereafter "institute"), from distributing to its membership the findings of its trial board that plaintiff, Meyer Weiner, had violated rules 2.02(a) and 2.02(e) of the institute's code of professional ethics in his examination of and in the preparation of his opinion on the financial statements of William P. MacKay, a broker-dealer doing business as MacKay and Company. The complaint alleges that defendant organization's disciplinary hearing demonstrates such a lack of fundamental fairness that its findings ought not be allowed to stand. Defendant's answer denied the lack of fundamental fairness and alleges the satisfaction of the elements necessary to comport with due process of law. The matter was heard on oral argument.

Upon consideration of the pleadings and testimony the court makes the following

## FINDINGS OF FACT

1. Plaintiff, Meyer Weiner, a resident of Reading, Pa., has been a member of the Pennsylvania Institute of Certified Public Accountants since April 27, 1956.

2. Defendant, Pennsylvania Institute of Certified Public Accountants, is a nonprofit voluntary organization of certified public accountants, organized under the laws of Pennsylvania.

3. In his application for membership in the institute, plaintiff agreed that, if elected to membership, his conduct would be governed by the charter, bylaws and canons of professional ethics of the institute.

4. At all times relevant to this dispute, the code of professional ethics was binding upon its members.

5. At all times relevant to this dispute, article XII of defendant's bylaws provided that a member of the institute rendered himself liable to reprimand if he violated the bylaws or the canons of ethics.

6. At all times relevant to the dispute, article 2.02 of the institute's canons of ethics provided:

"In expressing an opinion on representations in financial statements which he has examined, a member may be held guilty of an act discreditable to the profession if:

"(a) he fails to disclose a material fact known to him which is not disclosed in the financial statement but disclosure of which is necessary to make the financial statements not misleading; or

". . .

"(e) he fails to direct attention to any material departure from generally accepted accounting principles or to disclose any material omission of generally accepted auditing procedure applicable in the circumstances."

7. Under the provisions of defendant's bylaws, defendant's Committee on Professional Ethics (hereafter "committee"), provided for in article V, sec. 5, is required to perform the duties set forth in article XII of the bylaws, including the enforcement of the code of professional ethics and the conduct of disciplinary proceedings involving members of defendant organization.

8. Upon receiving Accounting Series Release No. 110, dated January 18, 1968, and Securities Exchange Act Release No. 8233, defendant's committee, upon its own motion, initiated an investigation concerning plaintiff's conduct.

9. The investigation was authorized by article XII of the institute's bylaws.

10. As a result of this investigation, the committee, in accordance with article XII, sec. 4, of the bylaws, submitted a report to defendant's council with a statement of charges against plaintiff.

11. On December 2, 1969, the council met and adopted a resolution setting out the charges against plaintiff in accordance with article XII, sec. 5, of the bylaws.

12. At its meeting of December 2, 1969, defendant's council also appointed a trial board in accordance with article XII, sec. 5.

13. The membership of the trial board was duly constituted in accordance with the provisions of article XII, sec. 6, and none of the appointed members of the trial board were members of defendant's committee which had investigated plaintiff's conduct and had recommended the preparation of a complaint against plaintiff.

14. The trial board scheduled a hearing pursuant to defendant's bylaws, article XII, sec. 7.

15. Plaintiff was given written notice of the charges in accordance with article XII, sec. 7, of the bylaws.

16. Prior to the hearing, plaintiff's counsel was also orally informed by the institute's general counsel concerning the nature of the evidence which the committee intended to present to the trial board.

17. Plaintiff appeared, testified at the hearing and was represented by counsel who asked questions, elicited testimony and made argument on plaintiff's behalf.

18. At the conclusion of testimony, the five duly appointed members of the trial board deliberated for two hours concerning the complaints against plaintiff.

19. Only the five members of the trial board participated in those deliberations.

20. Willard Heintzelman, executive director and secretary of defendant organization, did not in any way participate in the deliberations of the trial board.

21. Pursuant to the bylaws, the trial board found that plaintiff had violated rules 2.02(a) and 2.02(e) of the code of professional ethics but did not sustain a charge under rule 1.01 that plaintiff had lacked independence in expressing his opinion concerning certain financial statements.

22. There was sufficient evidence before the trial board to support its findings that plaintiff had violated rules 2.02(a) and 2.02(e) of the institute's code of professional ethics, and to justify a reprimand by the board to plaintiff.

23. The bylaws in effect when the violations of the canons of professional ethics occurred and the bylaws in effect when the trial board held its hearing authorized the distribution of notice of the reprimand to defendant's members.

24. The trial board determined that a reprimand should be administered to plaintiff and that notice of this reprimand should be sent to the members of defendant organization.

25. By letter dated September 15, 1970, plaintiff was informed of the trial board's decision and given a copy of the report to be distributed to the members of the institute.

26. It is an essential function of every professional organization with a recognized code of conduct for its members to make known to all its membership the rulings of its disciplinary bodies on violation of the code.

## DISCUSSION

The institute is a nonprofit, voluntary, corporate,

professional organization of certified public accountants, whose members, in certifying as to the correctness of accounts, agree to use such skill in the performance of their obligation as reasonably prudent, skillful accountants would use under the circumstances: O'Neill v. Atlas Automobile Finance Corporation, 139 Pa. Superior Ct. 346, 354-55. A guide to the standards to which institute members recognize they must conform is found in article II of the institute's code of professional ethics.

Furthermore, article XII, sec. 1, of the institute's bylaws provides:

"A member renders himself liable to reprimand, suspension or expulsion if:

"(a) he infringes or violates any of these Bylaws or the Code of Professional Ethics. . ."

Article IX of the bylaws provides that the code of professional ethics shall be binding upon the members of the institute and shall be considered a part of the bylaws.

It has long been established that the affairs of a voluntary association are governed by its constitution and bylaws. Accordingly, the adjudication of disputes within the organization may be conducted under its own rules and regulations and its members are bound by such adjudication so long as the fundamental essentials of due process are observed: Holly v. American Bowling Congress, 62 Lack. Jur. 169, 179; Commonwealth ex rel., v. Heilman, 241 Pa. 374, 378.

Where a voluntary association's constitution and bylaws give it jurisdiction over an internal dispute, a court will only inquire to see if the organization acted in good faith, affording a fair and impartial hearing in accordance with its constitution and bylaws: Maloney v. United Mine Workers of America, 308 Pa.

251, 257; Lodge No. 19, Svete Ime Isusovo v. Svi Sveti, 323 Pa. 292, 294-95.

That professional organizations must extend to their members the protections of procedural due process is without question: Willner v. Committee on Character and Fitness, 373 U.S. 96. These protections are afforded when there has been a hearing after due notice, an opportunity to present witnesses, representation by counsel, and a fair and impartial tribunal having special skill and competence in the subject matter: Holly v. American Bowling Congress, supra, at page 179.

Accordingly, the only question before this court in reviewing the conduct of the institute's disciplinary hearing is whether the record of the hearing itself, taken as a whole, and the circumstances surrounding the hearing, demonstrate such a lack of fundamental fairness that the decision cannot be allowed to stand.

## CONCLUSIONS OF LAW

1. A private voluntary organization has the power to discipline its members whose conduct violates the provisions of its bylaws and code of professional ethics.

2. The exercise of this disciplinary power requires compliance with the organization's established procedures in its own bylaws governing disciplinary proceedings and should afford a reasonable measure of due process.

3. Plaintiff has failed to meet his burden of proof establishing that the institute's disciplinary procedures as applied to him failed to afford him a reasonable measure of due process.

4. The court has considered all the evidence in this case and concludes as a matter of law that defendant institute afforded plaintiff a full and fair hearing with all the essential elements of due process.

5. Plaintiff's requests for conclusions of law numbers 1-4, 6 and 7 are refused.

6. Plaintiff's request for conclusion of law, number 5, is affirmed.

7. Defendant's requests for conclusions of law numbers 1-15 are affirmed.

## ORDER

And now, to wit, September 22, 1972, the court enters the following

## DECREE NISI

It is ordered, adjudged and decreed that plaintiff's complaint be dismissed and judgment be entered for defendant, with costs.

The prothonotary is directed to give notice to the parties of the filing of this decree and unless exceptions are filed thereto within 20 days hereof this decree shall become a final decree.